IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VERNON C. PALMER, INC., | ) | |
| | ) | CV 05-95-PA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANDY GARNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Plaintiff Vernon C. Palmer, Inc., doing business as Palmer
Homes, brings this copyright infringement action against
defendants Sandy Garner, dba the Jay and Sandy Garner Group;
Viking Builders, Inc., dba Viking Construction (no longer a
party); the Hollman Co.; DJK Drafting & Design, Inc.; and Keith
R. Abel.  Plaintiff contends that defendants copied its original
floor plan for a 1200-square-foot house, and built and sold
houses using plaintiff's floor plan.

I have granted plaintiff's motion for partial summary
judgment as to defendants' affirmative defense of fair use.  This
order explains my ruling.

1 -- ORDER

## **STANDARDS**

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## **DISCUSSION**

"[T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. The fair use exception "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1399 (9th Cir. 1997) (internal quotation marks omitted).

The statute lists factors for the court to consider when determining whether the fair use defense applies:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

2 -- ORDER

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

I agree with plaintiff that under these circumstances, the fair use defense does not apply. Magistrate Judge Coffin denied a defendant's motion for summary judgment on fair use in a similar case, Lindal Cedar Homes, Inc. v. Ireland, 2004 WL 2066742, at *5-6 (D. Or. 2004).

In Lindal, the copyrighted work was a page from a book of the plaintiff's house designs. The defendant builder allegedly prepared plans and built a house based on the plaintiff's design.

Here, as in Lindal, three of the four statutory factors favor plaintiff: Hollman's alleged use was commercial, to compete with plaintiff in the market for houses, and Hollman did not significantly "transform" plaintiff's floor plan, see A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1015 (9th Cir. 2001); Hollman's floor plan apparently[1] uses substantial portions of the plaintiff's design; and the type of alleged use, if it became widespread, could harm plaintiff. I conclude as a matter of law that Hollman cannot establish the affirmative defense of fair use.

/ / /

/ / /

_____

    [1]    Hollman asserts that it independently created its plans for the Hollman 1200 house.

3 -- ORDER

**CONCLUSION**

Plaintiff's motion for partial summary judgment (#101) is granted as to the fair use defense.

IT IS SO ORDERED.

DATED this _____ day of March, 2006.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

4 -- ORDER